NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ARNETT L. THOMAS, et al., | : | |
| | : | |
| Plaintiffs, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 05-332 (WHW) |
| | : | |
| UNITED STATES OF AMERICA., | : | |
| | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

Defendant moves, pursuant to Rule 12(b), to dismiss Plaintiffs' claims. Pursuant to Fed. R. Civ. P. 78, Defendant's motion is decided without oral argument. The motion is granted.

### FACTS AND PROCEDURAL BACKGROUND

On January 19, 2005, Plaintiffs Arnett L. Thomas, Al Hall, Artis Bey, and Yay Slaam, all appearing *pro se*, filed a Complaint against the United States of America on behalf of themselves and a class of approximately twenty million other Americans of African descent. Plaintiffs allege that the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution are defective and unconstitutional. They claim that they, and all African Americans, have been harmed in a multitude of ways because the Fourteenth Amendment failed to extend adequate protections to Americans of African descent. Plaintiffs seek compensatory damages totaling approximately one trillion dollars ($1,000,000,000,000). (Complaint at 8.) They request that the compensatory damages be placed in a trust to be used for the building of banks,

**NOT FOR PUBLICATION**

affordable housing, hospitals, dental clinics, rehabilitation centers, drug treatment centers,

supermarkets, small businesses and magnet schools. (Complaint at 8-9.)

Over six months after the Complaint was filed, on June 30, 2005, a summons directed at

the United States was issued. On July 18, 2005, the Plaintiffs filed a return of service indicating

that, on July 15, 2005, Plaintiff Arnett L. Thomas had made personal service upon the United

States Attorney Christopher J. Christie at the United States Attorney's Office in Newark, New

Jersey.  On August 8, 2005, the Plaintiffs filed a return of service indicating that, on July 27,

2005, Plaintiff Arnett L. Thomas had made personal service upon Postmaster General John E.

Potter in Washington, DC.

After almost a year and a half of inactivity on the case, on January 9, 2007, United States

Magistrate Judge Ronald J. Hedges issued an Order to Show Cause why the action should not be

dismissed for failure to prosecute. A hearing was scheduled for January 22, 2007.  Plaintiffs Hall,

Bey and Slaam failed to appear at the hearing and submitted no response to the Order to Show

Cause.  Magistrate Judge Hedges issued a letter order, dated January 22, 2007, recommending

that the Complaint be dismissed as to those plaintiffs for failure to prosecute pursuant to Local

Civil Rule 41.1(a). In this order, Magistrate Judge Hedges also set a schedule for the United

States to move to dismiss the Complaint.

On March 30, 2007, the United States filed the instant motion to dismiss. It seeks to

dismiss the action (1) pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for lack of personal

jurisdiction over the United States because Plaintiffs have failed to make timely and effective

service under Rule 4; (2) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) for lack of subject

NOT FOR PUBLICATION

matter jurisdiction as the United States has not waived its sovereign immunity with respect to the

claims; and (3) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief

can be granted. Plaintiffs did not file any opposition to the United States's motion to dismiss.

**I.       Subject Matter Jurisdiction**

"It is axiomatic that the United States may not be sued without its consent and that the

existence of consent is the prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206,

212 (1983).  "The terms of the United States' consent to be sued in any court define that court's

jurisdiction to entertain suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)(quoting United States

v. Sherwood, 312 U.S. 584, 586 (1941)). Without a specific waiver of sovereign immunity this

Court does not have subject matter jurisdiction over this action.  See Jaffee v. United States, 592

F.2d 712, 718 (3d Cir. 1979).  Waiver of the government's sovereign immunity "cannot be

implied but must be unequivocally expressed,"and is "construed strictly in favor of the

sovereign." Mitchell, 463 U.S. at 538.  "Plaintiff bears the burden of showing an unequivocal

waiver of immunity."  Global Fin. Corp. v. United States, 67 Fed. Appx. 740, 742 (3d Cir.

2003)(quoting Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987), cert. denied, 487 U.S.

1204 (1988)).

Plaintiffs' Complaint asserts two bases for the Court's jurisdiction over the action – 28

U.S.C. § 1331 and 42 U.S.C. § 1983 – neither of which is a waiver of sovereign immunity and

neither of which provides the Court a basis to exercise jurisdiction over this matter.

28 U.S.C. § 1331 is "merely a jurisdictional statute that does not create any substantive

rights that may be enforced against the United States for money damages." Hagemeier v. Block,

**NOT FOR PUBLICATION**

806 F.2d 197, 203 (8th Cir. 1986). "When the plaintiff seeks to sue the United States or an

instrumentality thereof, he may not rely on the general federal question jurisdiction of 28 U.S.C.

§ 1331, but must identify a specific statutory provision that waives the government's sovereign

immunity from suit." Clinton County Comm'rs v. U.S. Envtl. Prot. Agency, 116 F.3d 1018, 1021

(3d Cir. 1997).

      An action under 42 U.S.C. § 1983 seeks redress for deprivations of federal rights

committed by persons acting under the color of state law. "[N]o suit may be maintained against

any Federal defendant under § 1983 ... because that section specifically requires state action."

Hine v. Irvington Counseling Ctr., 933 F. Supp. 382, 388 (D.N.J. 1996); see also Brown v.

Phillip Morris, Inc, 250 F.3d 789, 800 (3d Cir. 2001)(upholding dismissal of § 1983 action

against federal actors because "[i]t is well established that liability under § 1983 will not attach

for actions taken under color of federal law.").  The federal counterpart of a § 1983 action is a

Bivens action, which allows an individual to recover for a federal agent's Fourteenth

Amendment violations. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

However, a Bivens action permits suit only against federal agents; it does not permit suit against

either federal agencies or the federal government itself. Meyer, 510 U.S. at 484. Neither a §1983

action nor a Bivens action are waivers of sovereign immunity which confer jurisdiction on this

Court and permit this suit.

      The Ninth Circuit in Cato v. United States, 70 F.3d 1103 (9th Cir. 1995), considered a

very similar action in which African American plaintiffs appearing *pro se* filed a suit against the

United States for damages due to the enslavement of African Americans and the subsequent

-4-

NOT FOR PUBLICATION

discrimination against them. The plaintiffs in that case, among other things, argued that the federal government had failed to keep the promise made in the Thirteenth Amendment to end the vestiges of slavery. Id. at 1109.  Because the plaintiffs were appearing *pro se* and had advanced no basis upon which the United States might have consented to the suit, the Cato court surveyed the law in search of a provision under which the federal government had waived its immunity for such a suit; it found none and dismissed the case. Id. at 1106.  That circuit court specifically examined the limited waiver of sovereign immunity for tort claims in the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2674, as the most likely candidate for waiver, and found that it was of no avail to the plaintiffs. Because the FTCA requires that claims be made within two years of their accrual and applies only  to actions accruing after January 1, 1945, the court determined that the FTCA could not form the jurisdictional basis for plaintiffs' claims which arose out of nineteenth century (and earlier) enslavement, kidnaping and other offenses committed against plaintiffs' ancestors.  Id. at 1107.  The court also held that the FTCA was not a means by which the plaintiffs could allege violations of the Thirteenth Amendment as the underlying tort because "the United States simply has not rendered itself liable under the FTCA for constitutional tort claims."  Id. at 1111 (quoting Meyer, 510 U.S. at 478).  Here, Plaintiffs are challenging the constitutionality of the Fourteenth Amendment, ratified in 1868.  This Court, like the Cato Court, finds no basis under which the relief requested is within the jurisdiction of the Court. "The legislature, rather than the judiciary, is the appropriate forum for plaintiff's grievances." Id. at 1105-06.

NOT FOR PUBLICATION

Because the United States has not waived its sovereign immunity for this action, this Court lacks subject matter jurisdiction. The United States's motion must be granted and Plaintiffs' case dismissed.

## II.    Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). A defendant may file a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process. "The party making the service has the burden of demonstrating its validity when an objection to service is made." Petsinger v. Pa, Dep't of Transp., 211 F. Supp. 2d 610, 611 (E.D. Pa. 2002); see also Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488-89 (3d Cir. 1993).

Rule 4 of the Federal Rules of Civil Procedure governs the requirements for proper service of process. Under Rule 4, for service upon the United States to be effective, it must be made by "any person who is *not a party* and who is at least 18 years of age," Fed. R. Civ. P. 4(c)(2)(emphasis added), within 120 days after the filing the complaint, Fed. R. Civ. P. 4(m). Service must be made on the United States Attorney for the district in which the action is brought and a copy of the summons and complaint must also be sent by registered or certified mail to the Attorney General of the United States in Washington, DC. Fed. R. Civ. P. 4(i)(1)(A-B). If the plaintiff shows that "good cause" exists for its failure to properly serve the defendants, the Court may extend the time for service. Fed. R. Civ. P. 4(m); Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995). However, a *pro se* litigant's ignorance of the rules

**NOT FOR PUBLICATION**

does not constitute good cause sufficient to excuse a failure to timely serve process. <u>Sykes v.</u>
<u>Blockbuster Video</u>, 205 Fed. Appx. 961, 963 (3d Cir. 2006); <u>see also</u> <u>Kersh v. Derozier</u>, 851 F.2d
1509, 1512 (5th Cir. 1988); <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir.
1987)("To hold that complete ignorance of Rule 4 ... constitutes good cause for untimely service
would allow the good cause exception to swallow the Rule.").

      Here, Plaintiffs did not comply with any of the requirements of Rule 4.  Plaintiffs served
the United States over 170 days, not 120 days, after the filing of the Complaint.  Plaintiffs did not
effectuate service by a non-party; instead, Plaintiff Arnett Thomas, a party to this action, claims
to have made service himself. Plaintiffs did not mail a copy of the Summons and Complaint by
certified or registered mail to the Attorney General of the United States, as required by Rule
4(i)(1)(B). Plaintiffs have not opposed the motion to dismiss and have provided no "good cause"
as to why they did not comply with the requirements of Rule 4.

      Plaintiffs have not met their burden to demonstrate that service was valid. Plaintiffs'
Complaint is dismissed because this Court does not have personal jurisdiction over the United
States.

**III.    Failure to State Claim**

      Because this Court has neither subject matter jurisdiction over this matter, nor personal
jurisdiction over the defendant, it is unnecessary to consider whether Plaintiffs have stated a
claim upon which relief could be granted.

**NOT FOR PUBLICATION**

**CONCLUSION**

For the preceding reasons, the United States's motion to dismiss is granted.


                                                        **s/William H. Walls**
                                                        United States Senior District Judge

**Appearances**

Arnett L. Thomas
49 Borden Avenue
Asbury Park, NJ 07712
PRO SE

Al Hall
P.O. Box 4874
Beaufort, SC 29903
PRO SE

Artis Bey
2305 Moncrieff
Augusta, GA 30906
PRO SE

Yaya Salaam
3048 Providence
Sun Prairie, WI 53590
PRO SE

Allan B.K. Urgent, Esq.
U.S. Attorney's Office
Suite 700
Newark, NJ 07102
        Attorney for the Defendant